THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* SIXTO MANUEL CARMONA, Defendant and Appellant.

No. 11661.   Argued April 9, 1947.—Decided April 30, 1947.

*Sixto Manuel Carmona, in pro. per. Luis Negrón Fernández, Acting Attorney General,* and *Joaquín Correa Suárez, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Sixto Manuel Carmona was accused and convicted before the District Court of Humacao of a subsequent offense of burglary in the first degree. Feeling aggrieved by the sentence imposed upon him, he appealed to this Court and in support of his appeal he has filed on his own behalf a handwritten paper entitled ''On briefs.'' He has failed to make therein an assignment of errors as required by Rule 11 of this Court. Nevertheless, we think that, as stated by the prosecuting attorney in his brief, the intention of the defendant has been to charge the lower court with the commission of the three following errors:

1.—Irregularity in the proceedings which gave rise to the filing of the information;

2.—His lack of an adequate defense; and

3.—That the verdict is against the weight of the evidence.

We will discuss those questions in the order stated above.

██ The information in this case is signed by the District Attorney of Humacao, and it is stated therein that the same "is based upon the sworn testimony of witnesses taken before the Justice of the Peace of Fajardo, and that he solemnly believes that there is just cause for filing it in the court." Section 3, Code of Criminal Procedure. In his aforesaid paper writing, the defendant maintains that he was not taken before any judge or district attorney to be prosecuted for the offense charged against him. In Puerto Rico there is no law which requires that while a cause is being investigated the accused must be taken before a judge or district attorney. *People* v. *Rodríguez,* 62 P.R.R. 749, 751; *People* v. *Travieso,* 60 P.R.R. 518, 523; *People* v. *Montañez et al.,* 31 P.R.R. 491; and *People* v. *Rivera,* 25 P.R.R. 776. In this case the information was timely filed in the District Court of Humacao, and at the time of his arraignment the accused was present and assisted by counsel. There is no doubt that the proceedings were in accord with the law.

██ Moreover, we think that the defendant was duly represented by counsel during the trial. The judgment roll shows that upon the case being called on October 23rd for the arraignment of the defendant, the latter appeared in person and assisted *for the purpose of this proceeding only* by Attorney Rafael S. Vidal. On that occasion the defendant informed the court that he was thinking of engaging the services of Attorney Cruz Ortiz Stella for the defense of his case, and then the information was read and the court granted him three days to enter the proper plea. On October 26th the defendant again appeared in person, entered a plea of not guilty, and asked for a jury trial. Upon the case being called on December 11, 1946, the defendant once more appeared in person and the court at once stated:

"The Court will appoint Attorney Vidal as counsel for the defendant, to try this case. A 5-minute recess is ordered."

Upon the proceedings being resumed, the judge asked:

" 'Are the parties ready?' And the defense answered: 'We are ready . . . . . The defendant reiterates his plea of not guilty . . . . . The defense has no witnesses.' " Tr. Ev., pp. 1 and 2.

There is nothing in the record to show that the defendant either personally or through his attorney stated at any time that he was not ready to go to trial or that he sought a continuance. On the contrary, we repeat, the record shows that the defendant stated that he was ready. Although it appears that the court ordered a 5-minute recess, it is not known exactly how long it lasted and it should be remembered moreover, that Attorney Rafael S. Vidal originally represented the defendant at the time of the arraignment and that possibly he was familiar with the facts of the case.

We have carefully read the decision in *People* v. *Muriel*, 57 P.R.R. 896, mentioned by the defendant in his brief, and we think that that case is wholly different from the one at bar. In said case Muriel stated that he had not summoned his witnesses or nothing because he did not know when the trial was going to be held. He then insisted that he needed to prepare his defense and asked that he be granted two or three days. The court refused his request, assigned an attorney to represent him, and granted counsel ten minutes to prepare the defense, although the attorney stated that he had a case pending in another section of the court. There the situation presented was one of complete defenselessness. Here, however, the substantial and constitutional rights of the accused were duly protected. The second contention of the defendant is untenable.

█ On repeated occasions we have declared that the jury is a trier of the facts in the causes submitted to it and that unless the record shows that it has committed manifest error or has acted with prejudice or partiality, we will not disturb its verdict. *People* v. *Rivera, ante,* p. 179; *People* v. *Betan-*

*court,* 66 P.R.R. 127; and *People* v. *Millán,* 66 P.R.R. 233, 238.

A careful reading of the transcript of the evidence has failed to convince us that the jury committed manifest error. or acted under the influence of passion, prejudice, or partiality. The evidence of the Government tended to show that at dawn on August 18, 1945, the defendant broke into the house of Amador Kercadó Mitchel, located in Playa de Fajardo, and stole therefrom a pair of trousers, a belt, and a tape measure. The evidence for the defense, which consisted solely of the testimony of the accused, sought to controvert the evidence for the prosecution, but far from succeeding in the attempt, it corroborated the latter evidence on several particulars. We have already indicated that it was incumbent on the jury to adjust any conflict in the evidence, and since the verdict is supported by the evidence we should not disturb it.

The judgment appealed from should be affirmed.